IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BACTER WASTE SOLUTIONS, LLC, and TYRE M. STONE, <br><br> Defendants. | Civil Action File <br><br> No. 4:16-cv-300-WTM-GRS |

## VERIFIED COMPLAINT FOR DAMAGES & RECEIVERSHIP

COMES NOW Plaintiff FIRST CITIZENS BANK & TRUST COMPANY, INC. ("First Citizens") and files this Verified Complaint for Damages and Receivership against Defendants BACTER WASTE SOLUTIONS, LLC ("Bacter Waste") and TYRE M. STONE ("Mr. Stone") (collectively, "Defendants") showing the Court as follows:

### PARTIES

1.

First Citizens is a banking corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Raleigh, North Carolina.

2.

Defendant Bacter Waste is a Georgia limited liability company with its principal place of business in Savannah, Georgia. Defendant Bacter Waste may be served with process via its registered agent, Ty M. Stone, at 1901 Louisville Road, Savannah, Georgia 31415.

3.

Defendant Mr. Stone is an individual resident of Georgia who may be served at 2509 Easy Street, Savannah, Georgia 31415 or wherever he may be located.

## JURISDICTION AND VENUE

4.

This Court has personal jurisdiction over all Defendants as they reside, conduct business and maintain minimum contacts with the State of Georgia.

5.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.

Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), as this is a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred and is also a judicial district in which any defendant is subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

7.

Defendant Bacter Waste entered into a promissory note with First Citizens on or about December 20, 2013 in the original principal amount of $434,000 plus interest (hereafter "Promissory Note"). A true and accurate copy of the Promissory Note is attached hereto as Exhibit A. Thereafter, the available funds from the Promissory Note were disbursed to Defendant Bacter Waste.

8.

Defendant Mr. Stone entered into an unlimited, continuing guarantee agreement with First Citizens guaranteeing repayment of the Promissory Note executed by Defendant Bacter Waste (hereafter "Guaranty"). A true and accurate copy of the Guaranty is attached hereto as Exhibit B.

9.

Defendant Bacter Waste entered into a security deed with First Citizens recorded on December 20, 2013 in the Superior Court of Chatham County (hereafter "Security Deed") granting First Citizens a first priority security interest in certain real property located at 1907 Louisville Road, Savannah, Georgia 31415

consisting of an industrial warehouse (hereafter "Collateral").  A true and accurate copy of the Security Deed is attached hereto as Exhibit C.

10.

Defendant Bacter Waste entered into a motor vehicle lease agreement with First Citizens on or about July 25, 2013 for the lease of a 1998 Mack Truck (VIN No. 1M2AA13Y4WW092451) and a 1993 Trailer (VIN No. 1S9TV3426PS418001) as guaranteed by Defendant Mr. Stone (hereafter "First Lease").  A true and accurate copy of the First Lease is attached hereto as Exhibit D.

11.

Defendant Bacter Waste entered into a motor vehicle lease agreement with First Citizens on or about August 14, 2013 for the lease of a 1997 Ford Truck (VIN No. 1FDZY90T1VVA27034) and a 2007 Atlas Compressor (ID No. 175-195 CFM) as guaranteed by Defendant Mr. Stone (hereafter "Second Lease").  A true and accurate copy of the Second Lease is attached hereto as Exhibit E.

12.

Defendant Bacter Waste failed to meet its repayment obligations for principal and interest under the Promissory Note, which constitutes a default. Defendant Mr. Stone failed to meet his repayment obligations under the Guaranty, which constitutes a default.  These defaults entitle First Citizens to accelerate all

amounts due under the terms of the Promissory Note and to collect interest and attorneys' fees.

13.

Defendants Bacter Waste and Mr. Stone failed to meet their repayment obligations for principal and interest under the First Lease and Second Lease, which constitutes a default. The default entitles First Citizens to accelerate all amounts due under the terms of the First Lease and Second Lease and to collect interest and attorneys' fees.

## COUNT I

## BREACH OF PROMISSORY NOTE

14.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 13 of this Complaint.

15.

Through its default and failure to pay the amounts due under the terms of the Promissory Note, Defendant Bacter Waste breached its obligations to First Citizens.

16.

Plaintiff First Citizens has been damaged by Defendant Bacter Waste's breach of the Promissory Note in an amount to be proven at trial.

## COUNT II

## BREACH OF GUARANTY

17.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 16 of this Complaint.

18.

Through his default and failure to pay the amounts due under the terms of the Guaranty, Defendant Mr. Stone breached his obligations to First Citizens.

19.

Plaintiff First Citizens has been damaged by Defendant Mr. Stone's breach of the Guaranty in an amount to be proven at trial.

## COUNT III

## BREACH OF FIRST LEASE & SECOND LEASE

20.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 19 of this Complaint.

21.

Through their default and failure to pay the amounts due under the terms of the First Lease and Second Lease, Defendants Bacter Waste and Mr. Stone breached their obligations to First Citizens.

22.

Plaintiff First Citizens has been damaged by Defendants' breach of the First Lease and Second Lease in an amount to be proven at trial.

## COUNT IV

## APPOINTMENT OF RECEIVER

23.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 22 of this Complaint.

24.

First Citizens maintains an interest in the Collateral as more specifically described in the recorded Security Deed attached as Exhibit C.

25.

Defendants have jeopardized First Citizens' interest in the Collateral by breaching the Promissory Note, allowing the Collateral to fall into disrepair, permitting unsupervised use of environmentally hazardous materials on the premises, and granting third parties access to the premises without paying rent. There is manifest danger of loss, deterioration and diminution of the Collateral for which First Citizens has no adequate remedy at law.

26.

First Citizens seeks the appointment of a receiver to preserve and protect the Collateral pursuant to Georgia Law and in accordance with "Lenders Remedies" specified on page four (4) of the Security Deed.

## COUNT V

## UNJUST ENRICHMENT

27.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 26 of this Complaint.

28.

Defendants have benefitted and have been unjustly enriched through receipt and retention of loan funds received from First Citizens under the Promissory Note, First Lease and Second Lease.

29.

Plaintiff First Citizens has been damaged by Defendants' conduct in an amount to be determined at trial.

## COUNT VI

## ATTORNEYS' FEES

30.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 29 of this Complaint.

31.

Plaintiff First Citizens is entitled to its costs of litigation and attorneys' fees against Defendants in the amount of 15% of the outstanding principal and interest owed pursuant to O.C.G.A. § 13-1-11, the Promissory Note, the First Lease and the Second Lease. True and accurate copies of the default notices sent to Defendants are attached hereto as Exhibit F.

32.

Plaintiff First Citizens is entitled to attorneys' fees under O.C.G.A. § 13-6-11 as Defendants have acted in bad faith, been stubbornly litigious and caused First Citizens unnecessary trouble and expense.

## COUNT VII

## WRIT OF POSSESSION & SEIZURE

33.

Plaintiff incorporates by reference, as if fully restated herein, the averments contained in paragraphs 1 through 29 of this Complaint.

34.

First Citizens maintains its right, title and interest to the 1998 Mack Truck (VIN No. 1M2AA13Y4WW092451), the 1993 Trailer (VIN No. 1S9TV3426PS418001), the 1997 Ford Truck (VIN No. 1FDZY90T1VVA27034) and a 2007 Atlas Compressor (ID No. 175-195 CFM) by virtue of its recorded certificate of titles and UCC Financing Statement (collectively "Equipment"). True and accurate copies of the vehicle certificates of title and the UCC Financing Statement are attached hereto as Exhibit G.

35.

Defendants lost all right, title, interest and use of the Equipment by virtue of their payment defaults under the First Lease and Second Lease. Despite notice of default and demand for immediate surrender of the Equipment, Defendants have failed to return the Equipment to First Citizens.

36.

First Citizens seeks an order from this Court granting it authority to possess and seize the Equipment by any means legally permitted.

**WHEREFORE**, Plaintiff prays:

(a) That the Court enter judgment against the Defendants on each count of this Complaint;

(b) That the Court award compensatory and actual damages as a result of Defendants' breach of the Promissory Note, Guaranty, First Lease and Second Lease;

(c) That the Court appoint a receiver to preserve and protect the Collateral;

(d) That the Court award Plaintiff its attorneys' fees and costs;

(e) That the Court grant Plaintiff's request to possess and seize the Equipment; and

(f) That the Court award Plaintiff such other and further relief as is just and proper.

Respectfully submitted, this 8th day of November, 2016.

/s/ Ron C. Bingham, II
RON C. BINGHAM, II
Georgia Bar No. 057240
BRYAN E. BUSCH*
Georgia Bar No. 006055
*Pro Hac Vice Application to be filed

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Monarch Plaza
3414 Peachtree Road, NE, Suite 1600
Atlanta, Georgia 30326

Phone:   404-443-6770
Fax:     404-238-9627

Counsel for First-Citizens Bank & Trust Company, Inc.