IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BACTER WASTE SOLUTIONS, LLC, and TYRE M. STONE, <br><br> Defendants. | Civil Action File <br><br> No. _____ |

## PLAINTIFF'S EMERGENCY MOTION AND SUPPORTING BRIEF FOR APPOINTMENT OF RECEIVER

COMES NOW FIRST CITIZENS BANK & TRUST COMPANY, INC., (hereinafter "First Citizens"), Plaintiff in the above-styled action, and files this Emergency Motion for Appointment of Receiver, showing this Court as follows:

1.

Defendant Bacter Waste Solutions, LLC (hereafter "Bacter Waste") entered into a Promissory Note with First Citizens on or about December 20, 2013 in the original principal amount of $434,000 plus interest (hereafter "Promissory Note"). See Verified Complaint for Damages and Receivership at ¶7 and Exhibit A.

The Promissory Note is secured by a first priority security interest in certain real property located at 1907 Louisville Road, Savannah, Georgia 31415 consisting of an industrial warehouse (hereafter "Collateral") and formalized in a recorded security deed with the Chatham County Superior Court (hereafter "Security Deed"). Id at ¶9 and Exhibit C.

3.

Defendant Bacter Waste defaulted under the Promissory Note and Security Deed by, among other things, failing to meet its repayment obligations for principal and interest. Id. at ¶ 12.

4.

The default entitles First Citizens to accelerate all amounts due under the terms of the Promissory Note, collect interest and attorneys' fees, and move Reappointment of Receiver to take charge of the Collateral as specified on page four (4) of the Security Deed. Id. at Exhibit A and C.

5.

Defendant Bacter Waste has jeopardized First Citizens' interest in the Collateral by breaching the Promissory Note, allowing the Collateral to fall into disrepair, permitting unsupervised use of environmentally hazardous materials on the premises, and granting third parties access to the premises without paying rent.

There is manifest danger of loss, deterioration and diminution of the Collateral for which First Citizens has no adequate remedy at law. Id. at ¶25.

6.

First Citizens is equitably and contractually entitled to the immediate appointment of a receiver to take possession of and hold, subject to the discretion of this Court, the premises to preserve and protect the Collateral.

7.

First Citizens respectfully requests that William B. Whitfield be considered as Receiver for the Collateral. Mr. Whitfield is qualified to preserve and protect the Collateral, has personal knowledge and experience of the premises, and has agreed to perform such services at a reasonable rate of $225 per hour. Mr. Whitfield's curriculum vitae along with an engagement letter with First Citizens is attached hereto as Exhibit 1.

8.

Pursuant to Rule 66, Federal Rules of Civil Procedure, local custom is to be applied in appointing a receiver. Pursuant to O.C.G.A. §9-8-1, the appointment of a receiver is appropriate when a property has no one to manage it. Parrish v. Rigell, 183 Ga. 218, 223-23, 188 S.E. 15, 19 (1936) (holding that the statute means not only physical management, but "proper and efficient management"). See also Farrar v. Presterfield, 216 Ga. 311, 116 S.E.2d 229 (1960). As evidenced by the default in payment of the indebtedness, it is apparent that the Property is not being properly managed. Further, the

Defendants are believed to have committed the rents to their own use without remitting payment to First-Citizens.  Where a deed to secure debt is given and a security interest in the rents is granted, the appointment of a receiver is proper to protect a secured creditor in the event of a default.  See Crockett v. Wilson, 184 Ga. 539, 192 S.E. 19 (1937).  Federal law is consistent with Georgia law in regard to the grounds for an appointment of a receiver.  See, e.g., Midwest Sav. Ass'n v. Riversbend Associates, 724 F. Supp. 661, 662 (D. Minn. 1988).

9.

Pursuant to O.C.G.A. §9-8-1, the appointment of a receiver is appropriate when a property is in danger of destruction or loss.  Waycross Military Assoc. v. Hiers, 209 Ga. 812, 814-15, 76 S.E.2d 486, 488-89 (1953) (holding appointment of receiver appropriate to stay waste on property during ownership dispute).  Here, the Defendants are on notice of default as to a substantial indebtedness owed to First Citizens, and there is a likelihood that they will not adequately protect the interests of First Citizens, and may even cause damage to the Property under the circumstances.  Where there is the prospect of a dissipation of assets, the Court may authorize an ex parte appointment of a receiver.  Dixie-Land Iron & Metal Co. v. Piedmont Iron & Metal Co., 255 Ga. 503, 220 S.E.2d 130 (1975).

**WHEREFORE,** Lender prays that this Court grant the following relief:

A. That this Court appoint a receiver to take possession of, control and hold the premises and to take all necessary remedial actions to repair and maintain the premises;

B. That the receiver appointed by this Court shall repair, maintain, and preserve, the premises and to collect all rents, income, and profits therefrom;

C. That First Citizens be permitted, at its election, and be authorized to make such advances to the receiver for the benefit of the premises under the loans as may be necessary from time to time, in the exercise of First Citizens' sole discretion, and as provided under the loan documents, to pay costs and expenses reasonably required to repair, manage, operate, lease, maintain, protect and preserve the premises, all without First Citizens becoming a mortgagee in possession or incurring any other liability to Defendants or any other party;

D. That any such advances made by First Citizens pursuant to the foregoing paragraph C be additional indebtedness which is owed to First Citizens under the Promissory Note and is secured by the Security Deed;

E. That this Court not require the receiver to give a bond pursuant to O.C.G.A. § 9-8-10;

F. That this Court tax all costs of this motion to Defendants; and

G. That this Court award such other and further relief as is just and proper.

Respectfully submitted, this ___8th___ day of November, 2016.

/s/ Ron C. Bingham, II
RON C. BINGHAM, II
Georgia Bar No. 057240
BRYAN E. BUSCH*
Georgia Bar No 006055
*Pro Hac Vice Application to be filed

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
Monarch Plaza
3414 Peachtree Road, NE, Suite 1600
Atlanta, Georgia 30326

Phone: 404-443-6770
Fax: 404-238-9627

Counsel for First Citizens Bank & Trust Company, Inc.