IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BACTER WASTE SOLUTIONS, LLC, and TYRE M. STONE, <br><br> Defendants. | Civil Action File <br><br> No. 4:16-cv-00300-WTM-GRS |

**PLAINTIFF'S SECOND EMERGENCY
MOTION AND SUPPORTING BRIEF
FOR APPOINTMENT OF RECEIVER**

COMES NOW FIRST CITIZENS BANK & TRUST COMPANY, INC., (hereinafter "First Citizens"), Plaintiff in the above-styled action, and files this Second Emergency Motion and Supporting Brief for Appointment of Receiver, showing this Court as follows:

1.

First Citizens filed its Complaint on November 8, 2016 seeking damages and appointment of receiver. [Doc. 1.]

2.

Defendant Bacter Waste Solutions, LLC (hereafter "Bacter Waste") entered into a Promissory Note with First Citizens on or about December 20, 2013 in the original principal amount of $434,000 plus interest (hereafter "Promissory Note"). See [Doc. 1]; Verified Complaint for Damages and Receivership at ¶7 and Exhibit A.

3.

The Promissory Note was secured by a first priority security interest in certain real property located at 1907 Louisville Road, Savannah, Georgia 31415 consisting of an industrial warehouse (hereafter "Collateral") and formalized in a recorded Security Deed with the Chatham County Superior Court (hereafter "Security Deed"). Id at ¶9 and Exhibit C.

4.

Defendant Bacter Waste has jeopardized First Citizens' interest in the Collateral by breaching the Promissory Note, allowing the Collateral to fall into disrepair, permitting unsupervised use of environmentally hazardous materials on the premises, and granting third parties access to the premises without paying rent. There is manifest danger of loss, deterioration and diminution of the Collateral for which First Citizens has no adequate remedy at law. Id. at ¶ 25.

5.

On November 21, 2016, First Citizens filed Plaintiff's Emergency Motion and Supporting Brief for Appointment of Receiver. [Doc. 15.]

6.

Individual Defendant Tyre M. Stone ("Stone") filed bankruptcy on January 24, 2017. [Doc. 21].

7.

Defendant Stone is not a grantor under Security Deed and would not be prejudiced by appointment of a Receiver to protect the Collateral.

8.

First Citizens is equitably and contractually entitled to the immediate appointment of a receiver to take possession of and hold, subject to the discretion of this Court, the premises to preserve and protect the Collateral.

9.

Defendants were served with process. [Doc. 16]. Defendants did not file any responsive pleadings, and on January 11, 2017, the Clerk entered a default as to both Defendants. [Doc. 19]. First Citizens' November Emergency Motion for Appointment of Receiver remains unopposed.

12.

Pursuant to O.C.G.A. § 9-8-1, the appointment of a receiver is appropriate when a property is in danger of destruction or loss. *Waycross Military Assoc. v. Hiers*, 209 Ga. 812, 814-15, 76 S.E.2d 486, 488-89 (1953) (holding appointment of receiver appropriate to stay waste on property during ownership dispute). Here, the Defendants are on notice of default as to a substantial indebtedness owed to First Citizens, and there is a likelihood that they will not adequately protect the interests of First Citizens, and may even cause damage to the Collateral under the circumstances. Where there is the prospect of a dissipation of assets, this Court may authorize an ex parte appointment of a receiver. *Dixie-Land Iron & Metal Co. v Piedmont Iron & Metal Co.*, 225 Ga. 503, 220 S.E.2d 130 (1975).

**WHEREFORE**, First Citizens prays that this Court grant the following emergency relief:

A. That this Court appoint a receiver to take possession of, control and hold the premises and to take all necessary remedial actions to repair and maintain the premises;

B. That the receiver appointed by this Court shall repair, maintain, and preserve, the premises and to collect all rents, income, and profits therefrom;

C. That First Citizens be permitted, at its election, and be authorized to make such advances to the receiver for the benefit of the premises under the loans as may be necessary from time to time, in the exercise of First Citizen's sole discretion, and as

provided under the loan documents, to pay costs and expenses reasonably required to repair, manage, operate, lease, maintain, protect and preserve the premises, all without First Citizens becoming a mortgagee in possession or incurring any other liability to Defendants or any other party;

D. That any such advances made by First Citizens pursuant to the foregoing paragraph C be additional indebtedness which is owed to First Citizens under the Promissory Note and is secured by the Security Deed;

E. That this Court not require the receiver to give a bond pursuant to O.C.G.A. § 9-8-10;

Respectfully submitted, this 8th day of May, 2017.

/s/ *Bryan E. Busch*
RON C. BINGHAM, II
Georgia Bar No. 057240
BRYAN E. BUSCH*
Georgia Bar No 006055
**Admitted Pro Hac Vice*

ADAMS AND REESE, LLP
Monarch Tower
3424 Peachtree Road, NE, Suite 450
Atlanta, Georgia 30326

Phone: 470-427-3700
Fax: 404-500-5975
*Counsel for First Citizens Bank & Trust Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the ECF system and by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage affixed thereto and addressed to the following:

Bacter Waste Solutions, LLC
1907 Louisville Road
Savannah, GA 31415

Tyre M. Stone
2509 Easy St.
Savannah, GA 31406

Respectfully submitted, this 8th day of May, 2017.

/s/ Bryan E. Busch
RON C. BINGHAM, II
Georgia Bar No. 057240
BRYAN E. BUSCH*
Georgia Bar No 006055
*Admitted Pro Hac Vice

ADAMS AND REESE, LLP
Monarch Tower
3424 Peachtree Road, NE, Suite 450
Atlanta, Georgia 30326

Phone: 470-427-3700
Fax: 404-500-5975
Counsel for First Citizens Bank & Trust Company, Inc.