FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2017 JUN 19 AM 11:45
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> BACTER WASTE SOLUTIONS, LLC and TYRE M. STONE, <br><br> Defendants. | CASE NO. CV416-300 |

## O R D E R

Before the Court is Plaintiff's Motion for Default Judgment as to Defendants Bacter Waste and Tyre M Stone (Doc. 20) and Plaintiff's Motions to Appoint Receiver (Doc. 15; Doc. 26). For the following reasons, Plaintiff's motions are **DISMISSED**.

On February 8, 2017, the Court was apprised of the existence of a bankruptcy as to Defendant Tyre M. Stone (Doc. 22) and subsequently stayed the case as to that Defendant (Doc. 22). As a result, the Court lacks the authority to enter any order regarding Defendant Stone. Accordingly, Plaintiff's Motion for Default as to Defendant Stone is **DISMISSED**.

Because the case is stayed as to Defendant Stone, the Court does not feel it prudent to grant Plaintiff's request for default judgment as to Defendant Bacter Waste. The Eleventh Circuit has made it clear that "even when defendants are

similarly situated, but not jointly liable, judgments should not be entered against a defaulting defendant if the other defendant' prevails on the merits." Gulf Coast Fans, Inc. v. Midwest Elects. Imps., Inc., 740 F.2d 1499, 1512 (11th Cir. 1984). As a result, default judgment should not be entered "when it may result in inconsistent outcomes for similarly situated defendants." Machado v. Mega Travel USA Corp., 2015 WL 12803630, at *2 (S.D. Fla. Sept. 22, 2015) (citing Mayorga v. Stamp Concrete & Pavers, Inc., 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015)). In this case, Defendant Stone's liability is intertwined with Defendant Bacter Waste's liability. It would be improvident for the Court to enter default judgment as to Defendant Bacter Waste in this case while being prohibited from doing so against Defendant Stone. Accordingly, Defendant's Motion for Default Judgment as to Defendant Bacter Waste is **DISMISSED**. Plaintiff may refile this motion upon conclusion of Defendant Stone's bankruptcy proceedings.

The Court must also **DISMISS** Plaintiff's Motions to Appoint Receiver. (Doc. 15; Doc. 26.) Federal law governs the appointment of a receiver when a district court sits in diversity. Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev., 153 F.3d 1289, 1291 (11th Cir. 1998) see also IP Co. v. Cellnet Tech., Inc., 2008 WL 11337779, at *1 (N.D. Ga. Dec. 18, 2008). Plaintiff has cited only Georgia state law in this case. If

2

Plaintiff wishes to pursue his claim for appointment of a receiver, Plaintiff may file within fifteen days from the date of this order a new motion citing the appropriate law and standards.

SO ORDERED this 19th day of June 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA