IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FIRST CITIZENS BANK & TRUST )
COMPANY, INC., )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV416-300
 )
BACTER WASTE SOLUTIONS, LLC, )
and TYRE M. STONE, )
 )
    Defendants. )
 )

## ORDER

Before the Court are Plaintiff's Renewed Motion for Default Judgment as to Defendant Bacter Waste Solutions, LLC (Doc. 30) and Third Motion to Appoint Receiver (Doc. 29). For the following reasons, Plaintiff's Third Motion to Appoint Receiver is **DENIED** and Plaintiff's Renewed Motion for Default Judgment is **GRANTED**. Plaintiff is **DIRECTED** to file documentation supporting the requested award amounts pursuant to the default judgment within twenty-one days of the date of this order.

### BACKGROUND

On November 8, 2016, Plaintiff First Citizens Bank & Trust Company, Inc. ("First Citizens") brought suit alleging that Defendants Bacter Waste Solutions, LLC ("Bacter Waste") and Tyre M. Stone failed to make regular payments in breach of certain provisions of a promissory note, guaranty, and two leases. (Doc.

1.) As a result, Plaintiff alleges that it is entitled to damages, possession of certain property, and attorney's fees and costs. (Id.) In addition, Plaintiff maintains that it is entitled to have a receiver appointed to manage property located at 1907 Louisville Road, Savannah, Georgia 31415 ("Collateral Property"). (Id. ¶¶ 9, 26.)

Neither Defendant has responded to Plaintiff's allegations. As a result, the Clerk of Court entered default as to Defendants Bacter Waste and Stone on January 11, 2017. (Doc. 19.) Plaintiff subsequently filed a Motion for Default Judgment. (Doc. 20.) On February 8, 2017, however, the Court was apprised of the existence of a bankruptcy as to Defendant Stone (Doc. 21) and subsequently stayed the case as to Defendant Stone (Doc. 22). The Court also refused to enter default judgment as to Defendant Bacter Waste. (Doc. 28.) The Court reasoned that "Defendant Stone's liability [was] intertwined with Defendant Bacter Waste's liability [and] [i]t would be improvident for the Court to enter default judgment as to Defendant Bacter Waste in this case while being prohibited from doing so against Defendant Stone." (Id. at 2.)

Throughout this case, Plaintiff has also filed a variety of motions requesting the appointment of a receiver to manage the Collateral Property. (Docs. 3, 11 & 15.) In those motions, Plaintiff maintained that a receiver was needed to ensure that

2

the Collateral Property was properly managed. (Id.) Plaintiff's first and second requests were dismissed as moot due to this Court's initial concerns about its jurisdiction over this action. (Docs. 9 & 12.) Plaintiff's next request for a receiver was dismissed after the Court found that Plaintiff had improperly relied solely on Georgia law in its request for a receiver. (Doc. 28.) In dismissing that motion, the Court provided Plaintiff with fifteen days to file a corrected motion citing federal law. (Id.)

Now, Plaintiff has filed a Renewed Motion for Default Judgment (Doc. 30) and a Third Motion to Appoint Receiver[1] (Doc 29). In its Renewed Motion for Default Judgment, Plaintiff contends that any potential claim against Defendant Stone has been discharged by the bankruptcy court. (Doc. 30.) Plaintiff now seeks default judgment against Defendant Bacter Waste. (Id.) In its Third Motion to Appoint Receiver, Plaintiff again contends that a receiver should be appointed to manage the Collateral Property in order to collect rental income from the property and prevent any destruction of it. (Doc. 29.) The Court will consider each of these motions in turn.

---

[1] The Court notes that this motion (Doc. 29) is actually Plaintiff's fourth request for a receiver. However, Plaintiff has titled the motion as Plaintiff's Third Motion to Appoint Receiver. (Id.) For clarity, the Court will refer to the motion presently before the Court by Plaintiff's chosen title.

3

**ANALYSIS**

I. RENEWED MOTION FOR DEFAULT JUDGMENT

In its Renewed Motion for Default judgment, Plaintiff again contends that it is entitled to an award of default judgment in this case. (Doc. 30.) Plaintiff has provided that the any potential claim of liability against Defendant Stone has been fully discharged through bankruptcy proceedings. (Id., Ex. A.) As a result, Plaintiff contends that it is now entitled to default judgment against Defendant Bacter Waste. (Doc. 30.) After careful review, Plaintiff's Renewed Motion for Default Judgment is granted.

In the Eleventh Circuit, default judgments are generally disfavored. There is no right to judgment by default; the matter lies solely within a court's discretion. Hamm v. DeKalb Cty., 774 F.2d 1567, 1576 (11th Cir. 1985). When considering a motion to enter default judgment, the "well-pleaded facts alleged in the complaint are deemed admitted," Patray v. Nw. Publ'g., 931 F. Supp. 865, 869 (S.D. Ga. 1996), and the court must consider "the legal sufficiency of the allegations of the plaintiff's complaint," Gibson v. Kirkwood Bar & Grill, LLC, No. 1:13-cv-308, 2014 WL 632357, at *1 (N.D. Ga. Feb. 18, 2014) (citing Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988)). After determining whether default judgment is

appropriate, the Court must then enter any damage award.[2] In doing so, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).

In this case, the record is sufficient to support an entry of default judgment. Specifically, the record contains the admitted facts detailed in the second amended complaint (Doc. 14), all of the relevant documentation supporting Plaintiff's allegations (id., Exs. A-G), and an affidavit of service as to Defendant Bacter Waste (Doc. 16). However, the Court is unable to award damages based on Plaintiff's motion. In its motion, Plaintiff requests $325,237.83 in unpaid principal, $16,267.91 in accrued interest, $2,415.45 in late charges, $10,012.36 in expenses, and $51,225.86 in contractual attorneys' fees. Plaintiff, however, has provided no indication as to how these damages were calculated. Moreover, while Plaintiff attached an affidavit to an earlier motion supporting some of these figures (Doc. 20, Attach. 2), the Court is unable to determine the basis for some of the requested amounts. As a result, Plaintiff's Motion for Default Judgment is granted. However, Plaintiff is directed to file within twenty-one days documentation that

---

[2] If necessary, the Court may hold a hearing on the matter of default judgment. Fed. R. Civ. P. 55(b)(2). After careful consideration, the Court finds no need to hold a hearing in this case.

5

provides more detailed information as to the requested damages and identifies evidence in the record that supports those awards.

II. THIRD MOTION TO APPOINT A RECEIVER

In addition, Plaintiff has filed a Third Motion to Appoint a Receiver. (Doc. 29.) In its motion, Plaintiff requests that this Court appoint William B. Whitfield as the receiver in this case. (Id.) Without a receiver, Plaintiff contends it has no other adequate legal remedy because the property may be damaged or mismanaged. After careful consideration, however, this Court does not agree.[3]

In considering whether to appoint a receiver, this Court has wide discretion. DCR III Bowl v. Trussville Family Fun Center, LLC, 2:12-cv-02229, 2012 WL 13020714, at *5 (S.D. Ala. July 2, 2012). However, the decision to appoint a receiver is an extraordinary equitable remedy that must only be granted when the interests of the parties are "clearly at risk." Id. (internal citation omitted). Different courts have considered a

---

[3] Despite this Court's prior order that Plaintiff should refile any request to appoint a receiver with support from federal law (Doc. 28), Plaintiff has refiled a nearly identical motion to the motion previously considered by the Court. Plaintiff's renewed motion largely relies on Georgia law. (Doc. 29.) However, it is clearly established that federal law controls this Court's decision to appoint a receiver when sitting in diversity jurisdiction. Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev., 153 F.3d 1289, 1291 (11th Cir. 1998).

6

variety of factors in determining whether to appoint a receiver. These courts have considered:

> whether there has been fraudulent conduct on the part of the defendant; whether there is imminent danger that property will be lost or squandered; the inadequacy of available legal remedies; whether the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property; and whether the interests of the plaintiff and others sought to be protected will in fact be well served by the receivership.

Feldkamp v. Long Bay Partners, LLC, No. 2:09-cv-253, 2010 WL 2431838, at *3 (M.D. Fla. June 16, 2010) (citing Consol. Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 326-27 (1st Cir. 1988)); see also DCR III Bowl, 2012 WL 13020714, at *6.

In this case, Plaintiff has failed to show a need for a receiver. In its motion, Plaintiff provides a series of vague conclusory allegations that Plaintiff contends warrants this Court appointing a receiver. First, Plaintiff maintains that Defendant Bacter Waste has "allow[ed] the [property] to fall into disrepair, [and] permit[ed] unsupervised use of environmentally hazardous materials on the premises." (Doc. 29 ¶ 4.) While these allegations may in theory support the need for a receiver, Plaintiff has provided no support for these conclusory allegations. The Court will not rely on naked allegations as the basis for granting an extraordinary remedy.

In addition, Plaintiff contends that a receiver is necessary because Defendant Bacter Waste has "grant[ed] third parties access to the premises without paying rent." (Id.) Again, this allegation may in theory support the need for a receiver, but there is no support in the record that Defendant Bacter Waste is allowing third parties to use the property without paying rent. In fact, Plaintiff seems to contradict this allegation by purporting that Defendants "are believed to have committed rents to their own use without remitting payment to [Plaintiff]." (Id. ¶ 11.) The Court is unsure how to interpret these inconsistent allegations. Without any support for any of these conclusory allegations, the Court cannot discern whether the property is being rented or whether the rental income is being improperly withheld.

Ultimately, Plaintiff's naked allegations are insufficient to show that it is left without an adequate legal remedy if this Court does not appoint a receiver to manage the Collateral Property. This Court will only appoint a receiver in extraordinary situations. Here, Plaintiff has failed to offer any supporting evidence that would convince this Court that a receiver must be appointed in this case to protect Plaintiff's interest. As a result, Plaintiff's Third Motion to Appoint Receiver is denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Third Motion to Appoint Receiver (Doc. 29) is **DENIED** and Plaintiff's Renewed Motion for Default Judgment (Doc. 30) is **GRANTED**. Plaintiff is **DIRECTED** to file documentation supporting the requested award amounts pursuant to the default judgment within twenty-one days of the date of this order.

SO ORDERED this 29th day of March 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA